1  SCHIFF HARDIN LLP
   RENEE C. KELLEY (CSB No. 290797)
2  rkelley@schiffhardin.com
   YAKOV P. WIEGMANN (CSB No. 245783)
3  ywiegmann@schiffhardin.com
   MEGHAN R. MCMEEL (CSB No. 284841)
4  mmcmeel@schiffhardin.com
   One Market, Spear Street Tower
5  Thirty-Second Floor
   San Francisco, CA  94105
6  Telephone:   (415) 901-8700
   Facsimile:    (415) 901-8701
7
   Attorneys for Defendant
8  OWENS-ILLINOIS, INC.

9                    UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12

13  THEODORE MOODY and LORETTA          Case No. 2:15-cv-09491
    MOODY,
                                        (Assigned for trial to Hon. Elaine W.
14                Plaintiffs,           Mandel, Superior Court of Los Angeles,
                                        Case No. 37-2015-00020689-CU-PO-CTL)
15  v.
                                        **NOTICE OF REMOVAL OF ACTION
16  ARMSTRONG INTERNATIONAL, INC.,      UNDER 28 U.S.C. SECTION 1441(b)
    et al.,                             (DIVERSITY)**
17
                  Defendants.
18

19

20       TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES

21  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

22       Defendant OWENS-ILLINOIS, INC. ("OWENS-ILLINOIS"), hereby gives notice of

23  removal of the above-entitled civil action from the Superior Court of California, County of

24  San Diego, Case No. 37-2015-00020689-CU-PO-CTL, currently pending in the Superior

25  Court of California, County of Los Angeles, before Judge Elaine W. Mandel, to the

26  United States District Court for the Central District of California – Western Division.

27  Removal of this case is authorized under 28 U.S.C. section 1441, based upon the

28  following facts:

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                        1

## **BACKGROUND**

1.   On June 19, 2015, Plaintiffs Theodore Moody and Loretta Moody, ("Plaintiffs") commenced an action against OWENS-ILLINOIS, INC., ASBESTOS CORPORATION LIMITED, BORGWARNER MORSETEC INC., CERTAINTEED CORPORATION, CRANE CO., CROWN CORK & SEAL USA, DAP, INC., DIXIELINE LUMBER COMPANY, FLOWSERVE CORPORATION, FMC CORPORATION, GEORGIA-PACIFIC CORPORATION, GRINNELL LLC, HILL BROTHERS CHEMICAL COMPANY, INC., HONEYWELL INTERNATIONAL INC., INGERSOLL-RAND COMPANY, ITT CORPORATION, KAISER GYPSUM COMPANY, INC., KELLY-MOORE PAINT COMPANY, INC., LESLIE CONTROLS, INC. M. SLAYEN & ASSOCIATES, INC., MCNALLY INDUSTRIES, LLC, METALCLAD INSULATION CORPORATION, MUELLER CO., LTD., NIBCO, INC., O'REILLY AUTO ENTERPRISES, LLC, SAFETY FIRST INDUSTRIES, INC., SEPCO CORPORATION, STERLING FLUID SYSTEMS LLC, THE PEPBOYS MANNY, MOE & JACK OF CALIFORNIA, THE GOODYEAR TIRE & RUBBER COMPANY, THE WILLIAM POWELL COMPANY, TRANE US, INC., UNION CARBIDE CORPORATION, WATTS WATER TECHNOLOGY, INC. and Does 1 through 500, inclusive ("Defendants") by filing a summons and complaint with the clerk of the Superior Court of California, County of San Diego.

2.   On or around July 2, 2015, OWENS-ILLINOIS received notice of this lawsuit when it was served with Plaintiffs' summons and complaint and accompanying documents. *See* Declaration of Meghan R. McMeel ("McMeel Decl.") at ¶ 2.   True and correct copies of all process, pleadings, notices, and orders received by OWENS-ILLINOIS are attached hereto as Exhibit A to Declaration of Yakov P. Wiegmann in Support of Defendant Owens-Illinois, Inc.'s Notice of Removal of Action Under 28 U.S.C. Section 1441(b) (DIVERSITY) ("Wiegmann Dec.").

3.   On July 24, 2015, OWENS-ILLINOIS filed its Answer to Plaintiffs' Unverified Complaint for Damages ("Answer") in San Diego County Superior Court.   A true and correct copy of the Answer is attached hereto as Exhibit B to Wiegmann Dec.

4.  On November 24, 2015, Plaintiffs served OWENS-ILLINOIS with an Offer to Compromise at $299,998.00 Pursuant to California Code of Civil Procedure § 998.  *See* McMeel Decl. at ¶ 3.

5.  On November 20, 2015, Plaintiffs served OWENS-ILLINOIS with their Economic Expert, Robert Johnson's report, which evaluates Plaintiffs' economic loss at $419,574.00.  *See* McMeel Decl. at ¶ 4.

6.  On August 6, 2015 the case was assigned to the Superior Court of California County of Los Angeles, Judge Emilie H. Elias "for all other proceedings," under the Los Angeles County, Orange County, and San Diego County asbestos litigation coordinated proceeding number 4674 ("JCCP 4674").  *See* McMeel Decl. at ¶ 5.

7.  Under the general orders governing JCCP 4674, the case was supposed to be sent to a trial court in San Diego.  However, because no courtrooms were available, on November 20, 2015, the Superior Court of California County of San Diego returned the case to Judge Emilie H. Elias for trial assignment.  On December 7, 2015, the case was assigned to Judge Elaine W. Mandel of the Superior Court of California, County of Los Angeles for trial.  *See* McMeel Decl. at ¶¶ 5-6.

8.  On December 4, 2015, OWENS-ILLINOIS learned the only defendants remaining in the action were Owens-Illinois, Inc., DAP Products, Inc., and Georgia-Pacific Corporation.  Owens-Illinois, Inc. is incorporated in Delaware and its principal place of business is Perrysburg, Ohio.  DAP Products, Inc. is incorporated in Delaware and its principal place of business is Baltimore, Maryland.  Georgia-Pacific Corporation is incorporated in Georgia and its principal place of business is Atlanta, Georgia.  *See* McMeel Dec. at ¶ 6.

9.  On December 7, 2015, at the pre-trial conference in this matter, Plaintiffs' counsel informed the Court that the only remaining defendants in the case were Owens-Illinois, Inc. and Georgia Pacific Corporation.  *See* McMeel Decl. at ¶ 7.

10. On December 8, 2015, at a trial appearance in this matter, Plaintiffs' counsel informed the Court that the only remaining defendant in this case is Owens-Illinois, Inc.

1    *See* McMeel Decl. at ¶ 8.

2       11. Under 28 U.S.C. section 1332, this Court has original jurisdiction of this civil

3 action based on diversity of citizenship of the parties, and the action may be removed to

4 the Court by OWENS-ILLINOIS pursuant to 28 U.S.C. section 1441(b).

5                             **JURISDICTION**

6       12. Plaintiff was, at the time of the filing of the complaint, and still is, a citizen of

7 the United States, a citizen of the State of California, and a resident of San Diego

8 County.

9       13. Defendant OWENS-ILLINOIS was, at the time of the filing of the complaint,

10 and still is, incorporated under the laws of the State of Delaware with its principal place

11 of business in the State of Ohio.

12       14. The amount in controversy exceeds the sum or value of $75,000, exclusive of

13 interest and costs.  Plaintiffs Theodore Moody and Loretta Moody seek compensatory

14 and punitive damages from OWENS-ILLINOIS as compensation for an alleged personal

15 injury.  Specifically, Plaintiffs Theodore Moody and Loretta Moody allege that while Mr.

16 Moody was working as a pipefitter and inspector, as well as during various residential

17 remodel projects, he was exposed to asbestos and asbestos-containing products, which

18 allegedly led to the development of mesothelioma, a form of cancer.  Plaintiffs have

19 made an Offer to Compromise pursuant to California Code of Civil Procedure § 998 in

20 the amount of $299,998.00, and Plaintiffs' economic expert estimates Plaintiff's

21 economic loss at $419,574.00.  *See* McMeel Decl. at ¶¶ 2-4.

22       15. Pursuant to 28 U.S.C. section 1446, OWENS-ILLINOIS's Notice of Removal is

23 timely because it is being filed within thirty days of OWENS-ILLINOIS learning of the

24 complete diversity in this case.  *See* McMeel Decl. at ¶ 7 and Exhibit C.  The email

25 attached as Exhibit C to Wiegmann Dec. is the paper "from which it may first be

26 ascertained that the case is one which is or has become removable" under 28 U.S.C.

27 section 1446(b), because it is the first paper that shows diversity of citizenship.  *See*

28 *Blosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002).  In this email, Plaintiffs'

1   counsel informed Owens-Illinois that "OI, DAP and GP are the only remaining

2   defendants." *See* Exh. C to Wiegmann Dec.  Prior to receiving this email, OWENS-

3   ILLINOIS was not aware that all defendants whose principal place of business is in

4   California had resolved.  Since receiving this email, Owens-Illinois has learned it is the

5   only remaining defendant in the case.  *See* McMeel Decl. at ¶ 9.

6       16. Intradistrict Assignment: This action arose in the County of San Diego but was

7   then assigned for pre-trial proceedings, and eventually for trial, to the County of Los

8   Angeles, and therefore should properly be assigned to the United States District Court

9   for the Central District of California – Western Division.  *See* McMeel Dec. ¶¶ 5-6; 28

10  U.S.C. § 84(c)(2).

11      17. Promptly following (or contemporaneously with) the filing of this Notice of

12  Removal in the United States District Court for the Central District of California, the

13  undersigned will give counsel for Plaintiffs written notice of such filing.  A true and correct

14  copy of this notice form is attached hereto as Exhibit D to Wiegmann Dec. (without

15  attachments).  Written notice will also be filed with the Clerk of the Superior Court of the

16  County of Los Angeles.  A true and correct copy of this notice form is attached hereto as

17  Exhibit E to Wiegmann Dec. (without attachments).

18

19  Dated:     December  8 , 2015              Schiff Hardin LLP

20

21

22  By: _____

23  Yakov P. Wiegmann
    Attorneys for Defendant
    OWENS-ILLINOIS, INC.

24

25  SF\321676612.2

26

27

28

5

Case 7:15-cv-09491-GHK-FFM Document 1 Filed 12/08/15 Page 6 of 6 Page ID #:6
*Theodore Moody and Loretta Moody v. Armstrong International, Inc., et al*
United States District Court, Northern District of California, Case No. 2:15-cv-09491

## PROOF OF SERVICE

1    I, the undersigned, certify and declare as follows:

   I am over the age of eighteen years and not a party to this action. My business address is One Market, Spear Street Tower, 32nd Floor, San Francisco, California. On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)(DIVERSITY)**

   X    **BY PERSONAL DELIVERY**: By causing personal delivery on December 9, 2015 of the document(s) listed above to the person(s) at the address(es) set forth below.

Diran Tashjian
Keller Fishback Jackson LLP
28720 Canwood Street, Suite 200
Agoura Hills, CA 91301

Attorneys for Plaintiffs

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 8th day of December, 2015, at San Francisco, California.



Stephen J. Miller