SCHIFF HARDIN LLP
RENEE C. KELLEY (CSB No. 290797)
rkelley@schiffhardin.com
MEGHAN R. MCMEEL (CSB No. 284841)
mmcmeel@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:   (415) 901-8700
Facsimile:   (415) 901-8701

Attorneys for Defendant
OWENS-ILLINOIS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THEODORE MOODY and LORETTA MOODY,<br><br>Plaintiffs,<br><br>v.<br><br>ARMSTRONG INTERNATIONAL, INC., *et al.*,<br><br>Defendants | Case No. 2:15-cv-09491-GHK(FFMx)<br><br>(Assigned for trial to Hon. Elaine W. Mandel, Superior Court of Los Angeles, Case No. 37-2015-00020689-CU-PO-CTL)<br><br>**DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR AN ORDER REMANDING THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES**<br><br>Judge: Honorable George H. King<br>Room: 650 |

## I.     <u>INTRODUCTION</u>

Owens-Illinois, Inc. ("Owens-Illinois") opposes Plaintiffs' Motion to Remand because complete diversity now exists between the Plaintiffs and the only remaining defendant in this case: Owens-Illinois.  Accordingly, federal jurisdiction is proper because if this case had been filed only against Owens-Illinois, it could have been removed.

Plaintiffs represent in their moving papers that there are "twenty-two parties that have not been dismissed from the action."  This representation, however, is

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES

1  directly contrary to what Plaintiffs' counsel told the state court just two days ago:

2  "Owens-Illinois is the only remaining defendant."

3        Plaintiffs may not make a contrary representation in two separate court

4  proceedings and should be estopped from now asserting that twenty-two parties

5  remain in the case.  *See Hamilton v. State Farm Fire & Cas. Ins. Co*., 270 F.3d 778,

6  782 (9th Cir. 2001).

7        Owens-Illinois submits this opposition to Plaintiffs' Ex Parte Application

8  within twenty-four hours of receipt of the Application.  Owens-Illinois is ready and

9  able to appear before the Court for argument and/or more traditional briefing at the

10  Court's request.

11  **II.**    **STATEMENT OF FACTS**

12        On December 8, 2015, Plaintiffs' counsel informed Judge Elaine W. Mandel

13  of the Los Angeles Superior Court that Owens-Illinois was the only remaining

14  defendant in the case.  It was the only party represented at the first day of trial.  Yet

15  Plaintiffs assert that Owens-Illinois has removed this matter with knowledge that

16  removal is improper.  Plaintiffs' Ex Parte Application, ¶¶ 1-2.  Plaintiffs' further

17  suggest that Owens-Illinois removed the case to prevent a trial during Mr. Moody's

18  lifetime and to prevent critical activity in the Los Angeles Superior Court.  *Id*. at ¶¶

19  2-4.  The record demonstrates that both accusations are incorrect and unfair.

20        As noted earlier, it was Plaintiffs' counsel who represented to the State Court

21  Judge that Owens-Illinois was the only remaining defendant.[1]  That representation

22  was certainly consistent with the fact that no other defendant appeared at the pre-

23  trial hearings in state court on December 8, 2015.  Owens-Illinois justifiably relied

24  upon that representation.

25  _____

[1] The final reporter's transcript of the pre-trial proceedings is not yet available.  I

26  attended the pre-trial hearings on December 8, 2015 in front of the Honorable Judge
Elaine W. Mandel.  At that hearing, Plaintiffs' counsel Bruce Jackson informed

27  Judge Mandel that Owens-Illinois was the only remaining defendant.  Paragraph 2
of Declaration of Meghan R. McMeel in Support of Owens-Illinois, Inc.'s

28  Opposition to Plaintiffs' Ex Parte Application for an Order Remanding this Matter
to Los Angeles Superior Court and for Costs and Fees ("McMeel Decl.").

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING
THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES

1    Plaintiffs' argument to this Court that there are twenty-two defendants who

2  "**formally** remain parties" appears to be an equivocation of some type,

3  distinguishing a "formal" defendant from an "actual" defendant.  Plaintiffs' Ex

4  Parte Application, ¶ 5.  This dissembling appears to be an attempt to manipulate the

5  roster to prevent removal of this matter.

6    To clarify matters, Owens-Illinois requested that Plaintiffs identify the

7  twenty-two non-dismissed parties so a determination can be made about whether

8  they are parties or not, and whether Plaintiffs' counsel's representations to the state

9  court was true or false.[2]  Plaintiffs' counsel has not responded.[3]

10    Owens-Illinois has also requested that Plaintiffs indicate whether they have

11  any intention of pursuing judicial relief against any of these unidentified twenty-

12  two defendants.[4]  Plaintiffs' counsel has not responded.[5]

13    Plaintiffs suggest that Owens-Illinois has removed the case to prevent a trial

14  in December 2015 because "Theodore Moody has a substantial doubt of surviving

15  beyond December of 2015."  Plaintiffs' Ex Parte Application at ¶ 3.  Plaintiffs omit

16  the fact that the state court scheduling order does not call for jury selection until

17  January 4, 2016.[6]  Owens-Illinois' removal petition will have no effect on whether

18  there is a trial in December 2015 because no trial is even scheduled for that time.

19    Indeed, Owens-Illinois removed this matter, within 48 hours of learning

20  complete diversity existed.  If Owens-Illinois's intent was to deny Mr. Moody a

21  trial during his lifetime, it would have removed on the 29th day after learning of

22  complete diversity, much closer to the state court trial date, when there would have

23  been little or no time for Plaintiffs to pursue remand.

24    Plaintiffs also suggest that the removal of the matter is intended to prevent

---

[2] Letter of December 10, 2015 from M McMeel to D Tashjian, attached as Exhibit
A to McMeel Decl.
[3] McMeel Decl., Paragraph 4.
[4] Letter of December 10, 2015 from M McMeel to D Tashjian, attached as Exhibit
A to McMeel Decl.
[5] McMeel Decl., Paragraph 4.
[6] McMeel Decl., Paragraph 5.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING
THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES

important pre-trial work form being completed.  Again, the facts are to the contrary.
The state court schedule calls for appearances on only four days between now and
January 4, 2016.[7]  Any suggestion that Owens-Illinois has interfered with a
crowded state court schedule is simply false.

Owens-Illinois removed the case in a timely way based on the establishment
of diversity jurisdiction.

### III.   ARGUMENT

**A.   Owens-Illinois had a Proper Legal and Factual Basis for Removal.**

Diversity jurisdiction begins when defendants receive the first paper
indicating that there is complete diversity between the parties. 28 U.S.C. § 1441
(e)(1)(B).  That window is only open for thirty days. *Id.*  Owens-Illinois initially
suspected that complete diversity existed on December 4, 2015 when it was
informed that Owens-Illinois, Georgia-Pacific, and DAP Inc. were the only
remaining defendants.  However, Owens-Illinois waited to remove until December
8, 2015, after Plaintiffs' counsel informed the court made an on-the-record
representations to the Court that Owens-Illinois was the only remaining defendant.

Owens-Illinois is entitled to rely on the representation of Plaintiffs' counsel
to a judicial body.  *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc*., 48 F.3d 618,
622 (1st Cir.1995) ("[w]e consider an express representation by an officer of the
court to be a solemn undertaking, binding on the client."); *accord Ungar v. Arafat*,
634 F.3d 46, 50 n. 2 (1st Cir.2011).

**B.   Plaintiffs' Reference to Twenty-Two Unidentified Parties that are "Non-Dismissed" Does Not Prevent Removal, Particularly in Light of Plaintiffs' Unequivocal and Contrary Statement to the Court.**

Now, Plaintiffs attempt to circumvent their own admission.  However, they
are judicially estopped from doing so.  *Hamilton*, 270 F.3d at 782. Judicial estoppel
is an equitable doctrine that prevents a party from benefitting by taking one position

---

[7] McMeel Decl., Paragraph 5.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING
THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES

but then later seeking to benefit by taking a clearly inconsistent position. *Id*. It "applies to positions taken in the same action or in different actions," *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 935 (9th Cir.2010), and is intended to protect the integrity of the judicial process by preventing a litigant from "playing fast and loose with the courts," *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990). "It also 'applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion.' " *Samson*, 637 F.3d at 935 (*quoting Wagner v. Prof'l Eng'rs in California Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004). Judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage." *Scarano v. Central R. Co., of N.J.*, 203 F.2d 510, 513 (1953).

Several factors help determine whether judicial estoppel applies. *Hamilton*, 270 F.3d at 782 (citing New Hampshire v. Maine, 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)):

> "**First**, a party's later position must be clearly inconsistent with its earlier position. **Second**, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity. A **third** consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001) (citations omitted) (emphasis added).

All three elements are present here. First, Plaintiffs' counsel informed the state trial court on the first day of trial that Owens-Illinois was the only remaining defendant and in their moving papers, informed this Court that there are twenty-two remaining defendants. Second, Plaintiffs clearly persuaded the trial court that Owens-Illinois was the only remaining defendant since the trial court judge

commenced with motion hearings and scheduling the pre-trial and trial calendars based on the understanding that Owens-Illinois was the only remaining defendant. For example, the anticipated length of the trial was set with the understanding that only one defendant would participate.  Third, Plaintiffs would obtain an unfair advantage in the contrary statements are permitted.  Plaintiffs would deprive Owens-Illinois of the federal forum to which it is entitled to protect against potential  bias against an out-of-state defendant and proceed to trial against it in state court against only Owens-Illinois rather than against Owens-Illinois and twenty-two other defendants.  Judicial estoppel prevents such unfair outcomes.

### C.   Plaintiffs Reference to Hill Brothers' Chemical Company Similarly Does not Prevent Removal.

Plaintiffs have no intention of pursuing relief against any defendant other than Owens-Illinois but are somehow asserting that the twenty-two other parties are still in the case in a technical sense.  Of course, these twenty-two parties are either in the case or they are not.  If they are in the case, they should have been before Judge Mandel on December 8 and should be before Judge King here.

Hill Brothers resolved this case on or around November 17, 2015 when it withdrew its Motion for Summary Judgment, scheduled for November 20, 2015.[8]  It is unclear why Hill Brothers has not obtained a formal dismissal to within the three weeks since it resolved the case.  It goes without saying that any purposeful attempt to manipulate jurisdiction cannot be permitted.

While the Ninth Circuit does not appear to have specifically addressed the issue, there are numerous cases that hold that notice to a defendant that complete diversity has been created by settlement or otherwise is sufficient to establish

---

[8] See Hill Brothers' November 17, 2015 notice of taking its Motion for Summary Judgment, scheduled for November 20, 2015, off calendar, attached to McMeel Decl. as Exhibit B.  Counsel for Owens-Illinois communicated with Counsel for Hill Brothers' on December 10, 2015 and confirmed they resolved this matter.  See McMeel Decl., Paragraph 8.  Counsel for Hill Brothers' was neither present at the pre-trial case assignment hearing in front of Judge Emilie Elias on December 7, 2015 nor present in front of Judge Mandel on December 8, 2015.  Id.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES

removal jurisdiction and indeed triggers the thirty day timeline for removal, even before a formal dismissal order has been entered.  *See Estate of Martineau v. ARCO Chem. Co*., 203 F.3d 904, 910 (5th Cir.2000); *Chohlis v. Cessna Aircraft Co*., 760 F.2d 901, 903 n.2 (8th Cir. 1985); *Hanahan v. John Hancock Life Ins. Co., Inc*., 518 F.Supp.2d 780, 785–86 (D.S.C.2007); *Ratcliff v. Fibreboard Corp*., 819 F.Supp. 584, 587 (W.D. Tex. 1992); *Hessler v. Armstrong World Industries, Inc*., 684 F.Supp. 393, 395 (D. Del. 1988); *Moore v. Goodyear Tire & Rubber*, 2011 WL 3684508, at *2 (D. Ariz. 2011); *Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 922 (M.D. Pa. 1986); *DiNatale v. Subaru of America*, 624 F. Supp. 340, 344 (E.D. Mich. 1985); *Erdley v. Am. Honda Co., Inc*., 96 F.R.D. 593, 599 (M.D. La. 1983); *Turley v. Stilwell*, 2011 WL 1104543, at *6 (N.D. Okla 2011); *State Farm Fire and Casualty Co. v. Valspar Corp., Inc*., No. CIV 09–5056–JLV, 2010 WL 3834331, at *32 (D.S.D. Sept. 24, 2010) (noting that the failure to formally dismiss a party prior to removal "is not fatal to removal").[9]

Those cases support removal jurisdiction here and even suggest that the time for Owens-Illinois to remove is running.

### D.   Plaintiffs' Suggestion that Owens-Illinois may have Removed this Matter for an Improper Purpose is False.

Traditionally, diversity jurisdiction has been viewed as serving the interest in protecting out-of-state defendants from potential state-court bias in favor of local plaintiffs. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1005 (9th Cir. 2001); *see generally* Wright, Miller & Cooper, *Federal Practice & Procedure* § 3601 (2d ed.1984).  "Diversity jurisdiction's basic rationale is providing a federal forum to those who might otherwise suffer from local prejudice against out-of-state parties." *Olson v. Wells Fargo Bank, N.A.*, 961 F. Supp.2d 1149, 1156 (2013) (citations

---

[9] *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F.Supp. 751 (1980) and *Dunkin v. A.W. Chesteron Co.*, 2010 WL 1038200 (not reported), cited in Plaintiffs' moving papers, are District Court decisions and are of course not binding on here. Moreover, Mr. Jackson's representation to the Court that Owens-Illinois is the only remaining defendant serves to distinguish *Mertan* and *Dunkin*.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  omitted).

2         The rationale behind diversity jurisdiction is illustrated in the present case.

3  Owens-Illinois, headquartered in Perrysburg, Ohio, was sued in Los Angeles

4  County, California by a Southern California resident.  The trial judge assigned to

5  the case, formerly was an associate and partner at a firm that specialized in

6  plaintiffs' asbestos litigation in Los Angeles County during her tenure there.

7  During that time, that firm sued Owens-Illinois, in asbestos personal injury lawsuits

8  on three occasions making many of the same allegations made by Plaintiffs here.

9  Owens-Illinois availed itself of relief under California Code of Civil Procedure

10  ("CCP) § 170.1(a)(6)(A)(iii) filing a motion for disqualification due to the

11  appearance of impropriety.  Judge Elaine Mandel did not decide the motion, or refer

12  it to another judge as required by  CCP § 170.3(c)(5), but instead struck the motion.

13  The fact that Owens-Illinois cannot get a hearing on a properly filed motion is

14  cause for concern.

15  **III. <u>CONCLUSION</u>**

16         As demonstrated above, Owens-Illinois is entitled to a federal forum because

17  the requirements of 28 U.S.C. § 1441 are satisfied.  Also as demonstrated above,

18  the purposes of removal jurisdiction are served here.  Plaintiffs' hyperbole is

19  unsupported by the record and unwarranted.

20  Dated:    December 11, 2015            Schiff Hardin LLP

21

22

23                                    By: /s/ Meghan R. McMeel

24                                        Meghan R. McMeel
                                          Attorneys for Defendant
                                          OWENS-ILLINOIS, INC.

25

26  SF\321683198.2

27

28

## <u>PROOF OF SERVICE</u>

I, the undersigned, declare:

I am a resident of the State of California, employed in San Francisco County, California. I am over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

**DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER REMANDING THIS MATTER TO LOS ANGELES SUPERIOR COURT AND FOR COSTS AND FEES**

on the parties involved addressed as follows:

☒      BY E-FILING: By electronically serving the document(s) listed above via CM/ECF on the recipients designed on the Transaction Receipt located on the CM/ECF website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 11, 2015, at San Francisco, California.

*/s/ Grant D. Groettum*
Grant D. Groettum

SF\9947468.1

1

PROOF OF SERVICE

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO