E-FILED:
01/04/2016
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9491-GHK (FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Theodore Moody, et al. v. Armstrong International, Inc., et al.* | | |

**Presiding: The Honorable**  **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**  **(In Chambers) Order re:** Plaintiffs' Ex Parte Application for an Order Remanding this Matter to Los Angeles Superior Court and for Costs and Fees Pursuant to 28 U.S.C. § 1447 [Dkt. 9]

This matter is before us on the above-captioned Ex Parte Application ("Application") filed by Plaintiffs Theodore Moody and Loretta Moody ("Plaintiffs"). [Dkt. 9.] We have considered the papers filed in support of and in opposition to the Application and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). We "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c).

A defendant can remove a case from state to federal court only if the case originally could have been filed in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Removing Defendant Owens-Illinois, Inc. ("Owens-Illinois") premises removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Notice of Removal ("NOR") ¶ 11.) "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson*, 319 F.3d at 1090; *see also* 28 U.S.C. § 1332(a). In order to show complete diversity, a plaintiff must establish that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). "[A] corporation shall be deemed

*E-FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9491-GHK (FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Theodore Moody, et al. v. Armstrong International, Inc., et al.* | | |

to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

      Plaintiffs contend that complete diversity is lacking in this action because Defendant Hill Brothers Chemical Company ("Hill Brothers") has not been dismissed from the action and is also not diverse from Plaintiff Theodore Moody, as both Parties are California citizens.[1]  Owens-Illinois asserts that Hill Brothers's citizenship should not defeat removal because Hill Brothers "resolved this case on or around November 17, 2015," and thus, even if not formally dismissed, should not be considered for removal purposes.[2]  (Opp'n at 6.)

      District courts within the Ninth Circuit have concluded that the citizenship of a defendant who has settled a California action, but has not yet been formally dismissed from that action, can defeat removal jurisdiction.  *See Clark v. BHP Copper, Inc.*, 2010 WL 1266392, at *2 (N.D. Cal. Mar. 30, 2010) (remanding a case for lack of diversity jurisdiction where a non-diverse defendant had "reached agreement on terms of settlement," but had "not been dismissed by Plaintiffs"); *Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200 (N.D. Cal. Mar. 19, 2010) ("A settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action."); *Mertan v. E.R. Squibb & Sons, Inc.*, 581 F. Supp. 751, 752-53 (C.D. Cal. 1980) (finding diversity jurisdiction lacking where a non-diverse defendant settled in open court but was not formally dismissed by the state court); *see also Rider v. Sears Roebuck & Co.*, 2011 WL 2222171, at *5 (C.D. Cal. June 7, 2011) ("Where a defendant is not *fraudulently* joined, the defendant's citizenship remains relevant until the defendant is actually dismissed from the case.").  Defendant cites several cases—mostly from out-

---

      [1] Plaintiffs assert that Hill Brothers maintains its principal place of business in California.  (*See* Application at 5; Tashjian Decl., Ex. I.)  Owens-Illinois does not dispute this assertion.  Owens-Illinois also does not contest that Plaintiff Theodore Moody is a California citizen.

      [2] Owens-Illinois also asserts that we should preclude Plaintiffs, under the doctrine of judicial estoppel, from arguing that Hill Brothers is a remaining Defendant in this action because Plaintiffs purportedly informed the state court on December 8, 2015, that Owens-Illinois was the only remaining Defendant in the case.  (Opp'n at 2.)  But, because subject matter jurisdiction "involves a court's power to hear a case," it can "never be forfeited or waived."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Thus, Plaintiffs should not be estopped from challenging the existence of subject matter jurisdiction, regardless of their prior representations to the state court.  *See Hill v. Potter*, 2010 WL 4450405, at *5 (C.D. Cal. Oct. 29, 2010) (declining to apply judicial estoppel to preclude a party from arguing that the court lacked subject matter jurisdiction); *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (noting that "no action of the parties can confer subject-matter jurisdiction upon a federal court," which means that "principles of estoppel do not apply" to subject matter jurisdiction issues).  Accordingly, we decline to apply judicial estoppel to any of Plaintiffs' subject-matter jurisdiction arguments.

*E-FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-9491-GHK (FFMx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Theodore Moody, et al. v. Armstrong International, Inc., et al.* | | |

of-circuit courts—that it claims establish that a settlement does not defeat complete diversity for removal, even where a formal dismissal order has not been entered. (Opp'n at 6-7.) However, we find such cases unpersuasive. In any event, we are not bound by these cases and choose to not follow them.

Because Hill Brothers has not been formally dismissed from this action, its citizenship should not be disregarded for purposes of determining if complete diversity of citizenship exists between the Parties such that removal is proper. Because both Hill Brothers and Plaintiff Theodore Moody are California citizens, complete diversity does not exist, making removal improper.

In light of the foregoing, we hereby **GRANT** Plaintiffs' Application, and **REMAND** this action to the state court from which it was removed.[3] The clerk shall effectuate such remand forthwith.

**IT IS SO ORDERED.**

           : 

Initials of Deputy Clerk     Bea

---

[3] Plaintiff's request for fees and costs is **DENIED**, as we find Defendant did not lack an objectively reasonable basis for seeking removal. *See* 28 U.S.C. § 1447(c).